UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICE RHOADES, ZULU, *Pro Se*, ) | Case No.: 1: 17 CV 1558 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| OHIO GOVERNOR JOHN KASICH, ) | |
| *et al*., ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants ) | |

## INTRODUCTION

*Pro Se* Plaintiff Maurice Rhoades, Zulu, has filed this *in forma pauperis* civil rights action against numerous Ohio public officials and agencies, including the Ohio Civil Rights Commission (OCRC), and state and OCRC employees. (Doc. No. 1.) His allegations are disjointed and unclear, but he contends he was subjected to unlawful housing discrimination in violation of 42 U.S.C. § 1983 and the Fair Housing Amendments Act of 1988 (FHAA), as well as state law, after he received a rejection notice in connection with housing he sought at Rainbow Place in Cleveland. (*See* Rejection Notice, Doc. No. 1-1.) The gravaman of his federal claims is that the OCRC and its employees failed to properly investigate a charge of discrimination he filed with the agency and did so because they were "biased," "prejudiced," "aggressive," and "partisan" (Doc. No. 1 at ¶ 44) and for the purpose of torturing, discrediting, humiliating, and inflicting pain and suffering on him (*id*. at ¶ 48).

The OCRC has filed a Motion to Dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ.

P. 12(b)(6). (Doc. Nos. 4, 6.) The Plaintiff has not responded to this motion.

The Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, the OCRC's Motion to Dismiss is granted and the Plaintiff's Complaint is dismissed as against all Defendants.

## STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. To survive dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In addition, federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all complaints that are filed *in forma pauperis*, and to dismiss *sua sponte* any such complaint that the Court determines fails to state a plausible claim. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Twombly*, 550 U.S. 544, governs dismissals under 28 U.S.C. §1915(e)(2)(B)).

Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* plaintiff must still meet basic pleading requirements and courts are not required to conjure allegations on his behalf in determining whether his complaint states a plausible claim. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**DISCUSSION**

Upon review, the Court finds that the Plaintiff's Complaint fails to state any plausible federal claim on which relief may be granted against any Defendant in the case.

As the OCRC correctly asserts in its Motion to Dismiss, the OCRC has broad discretion in determining matters in investigations before it. A claimant has no constitutional claim arising from allegations that the ODRC failed to properly investigate a claim so long as the claimant had an opportunity to be heard before any final order becomes effective. (OCRC Motion, Doc. No. 4 at 3, citing *Rhoades v. OCRC*, Case No. 1: 07 CV 0802 (N.D. Ohio June 22, 2007) (Boyko, J.)). The Plaintiff's Complaint does not reasonably suggest he was not afforded a full opportunity to be heard by the OCRC. In fact, his Complaint indicates he *was* afforded an opportunity to be heard before the OCRC's determination became final. (*See* Doc. No. 1 at ¶¶ 33-34.) Thus, the Plaintiff has alleged no plausible constitutional claim under § 1983 based on his allegations that the OCRC and its employees failed to properly investigate his claim.

The Plaintiff also has not alleged any plausible federal claim under the FHAA, which makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of – (A) that buyer or renter." 42 U.S.C. § 3604(f)(1)(A). The Plaintiff alleges in purely conclusory terms that the Defendants took actions against him that were biased, prejudiced, aggressive and partisan, but he does not set forth allegations reasonably suggesting any Defendant discriminated against him "because of" a handicap. In fact, the only suggestion that appears on the face off his pleading as to the reason his application for housing at Rainbow Place was initially rejected appears on the Notice of Rejection, which indicates his application was rejected due to unfavorable criminal history and "fraud alert." (*See* Doc. No. 1-1.)

Plaintiff does not allege facts plausibly suggesting any Defendant subjected him to discrimination in violation of the FHAA.

**CONCLUSION**

For the reasons set forth above, the Court finds Plaintiff's Complaint fails to allege any plausible federal claim. Accordingly, the OCRC's Motion to Dismiss (Doc. Nos. 4 and 6) is granted with respect to the Plaintiff's federal claims, and his federal claims are dismissed as against all Defendants in accordance with 28 U.S.C. § 1915(e)(2)(B).

There being no viable federal claim in the case, any remaining state law claim or claims the Plaintiff purports to assert are dismissed without prejudice. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"). The Court does not find circumstances exist that would warrant exercising supplemental jurisdiction over such claims.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 9, 2018